IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMANI NGABO                          :
                                     :
    v.                               :   Civil Action No. DKC 11-0096
                                     :
LE PAIN QUOTIDIEN                    :
                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action is a motion to dismiss or to quash service filed by Defendant Le Pain Quotidien. (ECF No. 9).[1] The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted.

**I. Background**

On October 4, 2010, *pro se* Plaintiff Amani Ngabo commenced this action against Defendant Le Pain Quotidien in the Circuit Court for Montgomery County, Maryland, by filing a complaint alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 2). Defendant owns and operates restaurants worldwide. Since April 2008,

---

[1] Defendant actually asks to the court to dismiss *and* quash service. Because the court will quash service without dismissing, it construes these as alternative requests.

Plaintiff has worked at Defendant's restaurant in Bethesda, Maryland, as a dishwasher. (ECF No. 2, ¶ 1).

On December 27, 2010, Plaintiff filed an affidavit of service stating that he mailed the summons and complaint to Defendant's Bethesda restaurant. (ECF No. 9, Attach. 4, at 1).[2] Attached to the affidavit was a copy of a United States Postal Service tracking report indicating that Plaintiff sent the documents by certified mail, but did not request restricted delivery or a return receipt. (*Id*. at 2). Defendant maintains, and Plaintiff does not deny, that Plaintiff did not file an original return receipt.

On January 12, 2011, Defendant timely removed the case to this court on the basis of federal question jurisdiction. (ECF No. 1). On January 19, Defendant filed the instant motion to dismiss or to quash service. (ECF No. 9).

---

[2] Defendant has attached the affidavit of service to its motion, but this document has not yet been docketed in this court. Pursuant to Local Rule 103.5(a), the party effecting removal is required to file, along with its notice of removal, "true and legible copies of all process, pleadings, documents and orders which have been served upon that party," and within thirty days thereafter, "all other documents then on file in the state court, together with a certification from counsel that all filings in the state court action have been filed in the United States District Court." Defendant removed this case on January 12, 2011, attaching the complaint, scheduling order, an order for mandatory settlement conference, and a notice of filing its notice of removal. (ECF Nos. 2-5). To date, it has not filed any other state court documents, nor has defense counsel filed the required certification.

2

**II. Standard of Review**

Defendant has moved to dismiss for insufficient service of process under Rule 12(b)(5). The plaintiff bears the burden of establishing that service of process was valid. *See O'Meara v. Waters,* 464 F.Supp.2d 474, 476 (D.Md. 2006). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." *Id.* The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Id.*

**III. Analysis**

Defendant contends that service of process is insufficient because Plaintiff (1) did not request restricted delivery, (2) mailed the summons and complaint to Defendant's Bethesda restaurant, rather than to its resident agent, and (3) filed a defective affidavit of service. Plaintiff responded by sending a letter to the court that did not address Defendants' challenges to service of process. (ECF No. 15).

In cases removed to federal court, state law determines whether service of process was properly effected prior to removal. *See, e.g., Wolfe v. Green*, 660 F.Supp.2d 738, 745 (D.W.Va. 2009). The Maryland Rules permit service on corporations in person, by mail, or, in some circumstances, through substituted service upon the State Department of Assessments and Taxation ("SDAT"). *See* Md. Rule 2-121(a), 2-

3

124(d), 2-124(o). Generally, a corporation's "resident agent, president, secretary, or treasurer" is authorized to accept service. Md. Rule 2-124(d). If a corporate defendant "has no resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.* Service by mail is effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting "Restricted Delivery," *i.e.*, "show[ing] to whom, date, [and] address of delivery." Md. Rule 2-121(a)(3). Alternatively, a plaintiff may serve a corporation by leaving copies of the summons and complaint with the SDAT "if (i) the corporation has no resident agent; (ii) the resident agent is dead or no longer at the address for service of process maintained with the [SDAT]; or (iii) two good faith attempts on separate days to serve the resident agent have failed." Md. Rule 2-124(o).

In addition, after service of process has been effected, the plaintiff must "file proof of the service with the court promptly." Md. Rule 2-126(a). Filing a proper proof of service is "*prima facie* evidence of valid service of process." *State Highway Admin. v. Kee*, 309 Md. 523, 532 (1987). Where service

4

is made by certified mail, "the proof shall include the original return receipt." Md. Rule 2-126(a)(3).

Plaintiff purported to serve Defendant by sending the summons and complaint to Defendant's Bethesda restaurant by certified mail, but he did not request restricted delivery as required by Md. Rule 2-121(a). Plaintiff additionally mailed the summons and complaint to Defendant's Bethesda restaurant, rather than to a person authorized to receive service, such as Defendant's resident agent, president, secretary, or treasurer. *See* Md. Rule 2-124(o). Furthermore, Plaintiff's affidavit of service was deficient because he did not include the original return receipt. *See* Md. Rule 2-126(a). Accordingly, Plaintiff has not properly effected service of process.

Insufficient service of process, however, does not necessitate dismissal. Where "the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer & Krecke,* 697 F.2d 574, 576 (4th Cir. 1983) (quoting *Bailey v. Boilermakers Local 667 of Int'l Bhd. of Boilermakers,* 480 F.Supp. 274, 278 (N.D.W.Va. 1979)). Where there is no prejudice to the defendant and "there exists a reasonable prospect that service may yet be obtained," dismissal is

inappropriate and courts have generally allowed the plaintiff another opportunity to effect service. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992).

In the interest of justice and recognizing Plaintiff's *pro se* status, the court will provide another opportunity for Plaintiff to effect service of process on Defendant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where service in state court is found to be defective, a plaintiff may obtain a summons in federal court and serve it in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1448; *see also Carden v. Wal-Mart Stores, Inc.*, 574 F.Supp.2d 582, 587-88 (S.D.W.Va. 2008).

Federal Rule of Civil Procedure 4(*l*) instructs that the person effecting service of the summons and complaint must notify the court, through an affidavit, that he or she has served the defendant. If Plaintiff does not use a private process server, and instead uses registered or certified mail to make service, he must file with the court the United States Post Office acknowledgement (green card) as proof of service.

Plaintiff must also demonstrate that service was made upon an appropriate person at an appropriate address. Maryland Rule 2-124(d)-(i) specifically sets forth the requirements for service upon a corporation or other business association. Federal Rule of Civil Procedure 4 does not directly provide for

6

service by mail, but it does authorize, in subsections (e) and (h), service upon a corporation by any means allowed by the state where the district court is located or the state where service is to be effected. As noted, Maryland law provides for service by certified, restricted delivery mail. *See* Md. Rule 2-123. Under Maryland law, service is properly made upon a designated resident agent, or upon certain corporate officers or general partners. *Id*.[3] Plaintiff must show the address at which Defendant was served, why he believes the address was a proper location to serve, and any basis for believing that the person who signed for delivery was an appropriate individual to accept service under Rule 2-124. Plaintiff must also indicate whether process was served as required by Federal Rule of Civil Procedure 4(c), that is, whether the summons and the complaint were served in the package referenced.

Plaintiff shall prepare and return a summons to the Clerk of Court for issuance. Once the clerk issues the summons, he shall be permitted sixty days to properly effect service and file a return of service with the Court to show that service was effected.

---

[3] Defendant asserts in its motion that its proper name is PQ Bethesda, Inc. According to the Maryland Department of Assessments and Taxation, the current resident agent for this entity is CSC-Lawyers Incorporating Service Co., which is located at 7 St. Paul Street, Suite 1660, Baltimore, Maryland 21202.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion will be granted. A separate order will follow.

                                               /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge